UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES EMORY JONES,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No. TDC-19-1070
Crim. Action No. TDC-17-0006

**MEMORANDUM OPINION**

On April 11, 2019, Petitioner James Emory Jones filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 438. On May 22, 2019, Jones filed an Amended Motion. ECF No. 465. In these filings (collectively "the § 2255 Motion"), Jones challenges his conviction in the underlying criminal action on the basis that the Court lacked jurisdiction over the charged offenses, that he pleaded guilty without understanding the nature of the charges, that he lacked effective assistance of counsel, and that his prosecution was conducted in violation of due process of law. These issues are fully briefed and ripe for disposition.

In his reply brief on the § 2255 Motion, and in a Supplement to the § 2255 Motion ("the Supplemental § 2255 Motion") filed on June 12, 2020, ECF No. 556, Jones added an additional ground for relief, that on his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), the Government did not prove that he knew that he had been convicted of a crime punishable by a term of imprisonment of more than one year, as required by the United States Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On June 9, 2020, the Government filed a Consent Motion to Hold § 2255 Motion in Abeyance and Suspend Briefing,

ECF No. 554, in which the Government argued that the Court should wait for full resolution of *United States v. Gary*, No. 18-4578 (4th Cir.), which addresses the question whether the rule stated in *Rehaif* applies retroactively and would require the vacating of Jones's felon-in-possession of a firearm conviction. That motion will be granted in part, in that the Court will hold the Supplemental § 2255 Motion in abeyance and will refrain from addressing the *Rehaif* argument at this time. However, it will deny the motion to the extent that it seeks to stay a ruling on the earlier arguments made in the § 2255 Motion, ECF Nos. 438, 465. The Court finds that *Rehaif* has no impact on the resolution of those arguments, and that the interests of justice and of judicial economy favor resolution of those issues at this time.

Having reviewed the submitted materials on the § 2255 Motion, the Court finds that no hearing is necessary on the arguments unrelated to *Rehaif*. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the § 2255 Motion will be DENIED as to all arguments other than the *Rehaif* argument and STAYED as to the argument made in the Supplemental § 2255 Motion.

## BACKGROUND

On April 24, 2017, a federal grand jury returned an eight-count Second Superseding Indictment ("the Indictment") charging Jones in Count 1 with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; in Counts 2, 4, and 5 with Distribution of Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); in Count 7 with Possession with Intent to Distribute One Kilogram or More of Phencyclidine and 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(b) and 18 U.S.C. § 2; and in Count 8 with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1).

On September 20, 2017, Jones pleaded guilty to a lesser included offense to Count 7, Possession with Intent to Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and to Count 8. The lesser included offense to Count 7 carried a mandatory minimum sentence of 10 years of imprisonment. 21 U.S.C. § 841(b)(1)(A) (2018). Prior to pleading guilty, Jones had signed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed that a total sentence of between 120 and 140 months of imprisonment would be the appropriate sentence. In a written Stipulation of Facts attached to the plea agreement and signed by Jones, and at the guilty plea hearing, Jones acknowledged that during an April 5, 2017 search of his apartment pursuant to a warrant, law enforcement recovered more than one kilogram of phencyclidine ("PCP"), a quantity of cocaine and crack cocaine, a digital scale and other materials associated with drug distribution, and over $10,000 in cash. They also recovered two loaded handguns that Jones had thrown out of a window when law enforcement agents had knocked on the door and announced their presence, as well a shotgun found inside the apartment. Prior to April 5, 2017, the three firearms had traveled in interstate commerce, and Jones had been convicted of a crime punishable by a term of imprisonment of more than one year.

During the guilty plea hearing, the Court specifically asked Jones whether he understood the charges against him and reviewed the elements of the two offenses of conviction with him, which were also set forth in the signed plea agreement. Jones stated that he understood both the charges generally and the elements specifically. In signing the plea agreement, Jones attested that he had "read this agreement" and "carefully reviewed every part of it with my attorney." Plea Agreement at 8, ECF No. 222. His attorney made a comparable attestation. Jones further affirmed that he understood the plea agreement, voluntarily agreed to it, and was "completely satisfied with

the representation of my attorney." *Id*. At the guilty plea hearing, Jones stated under oath that he had discussed the charges, his case, and the plea agreement with his attorney, and that he understood them and wished to enter a guilty plea. Again, he stated that he was fully satisfied with his attorney.

On April 11, 2018, the Court sentenced Jones to 126 months of imprisonment on the lesser included offense to Count 7 and to 120 months on Count 8, with the sentences to run concurrently, for a total term of imprisonment of 126 months. Pursuant to the plea agreement, the remaining counts were dismissed.

Having waived his right to appeal in the plea agreement, Jones filed no direct appeal. On April 11, 2019, Jones filed a "Motion to Vacate Judgment for Lack of Court's Personal and Subject Matter Jurisdiction in the Nature of Habeas Corpus," which the Court construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 438. At the Court's direction, Jones filed an Amended Motion on May 22, 2019 in which he identified his specific grounds for relief. ECF No. 465.

## DISCUSSION

In the § 2255 Motion, Jones collaterally attacks his conviction on the grounds that (1) the Court lacked personal jurisdiction and subject matter jurisdiction because the crimes of conviction are state law offenses and consisted of a "purely local matter," § 2255 Mot. at 4, ECF No. 465; (2) Jones's guilty plea was not given knowingly, voluntarily, and intelligently because Jones had not been informed of the nature of the charges against him; (3) the failure of trial counsel to object to the federal prosecution on the grounds that the Government had violated the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. § 2 (2018), was ineffective assistance of counsel; and (4) the federal prosecution violated the Due Process Clause of the Fifth Amendment to the United

States Constitution because state charges against him were dismissed in favor of a federal prosecution without a hearing.

**I.      Legal Standards**

   **A.      Section 2255 Motions**

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). "If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A court should give sworn statements made in a guilty plea colloquy under Federal Rule of Criminal Procedure 11 a "strong presumption of verity," and "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently false." *United States v. Lemaster*, 403

F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). Therefore, a court may, "without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 guilty plea colloquy in the absence of extraordinary circumstances. *Id.* at 221-22. Where, as set forth below, Jones's allegations about his knowledge of the nature of the charges against him are contradicted by statements at the guilty plea hearing, and the Court may resolve the § 2255 Motion without resolving factual disputes or making credibility determinations, the Court declines to hold an evidentiary hearing.

### B.     Ineffective Assistance of Counsel

Although Jones did not explicitly state that all of his claims are based on ineffective assistance of counsel, in the § 2255 Motion he states that he had not raised any of his claims previously, such as on direct appeal, because his counsel "refused my arguments as frivolous and or meritless." § 2255 Mot. at 5. Construing the § 2255 Motion liberally, the Court will review all of the asserted grounds as including a claim that Jones's counsel was ineffective in failing to assert those arguments prior to his conviction. Thus, all of his claims are grounded, at least in part, in the issue of ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. The United States Supreme Court has stated that "assistance which is ineffective in preserving fairness [of a trial] does not meet the constitutional mandate." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). A petitioner alleging ineffective assistance of counsel in violation of the Sixth Amendment must meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  The *Strickland* test applies when the petitioner alleges ineffective assistance in the context of a guilty plea.  *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

When evaluating an attorney's performance and decisions, the court "must be highly deferential" and avoid hindsight.  *Strickland*, 466 U.S. at 689, 691.  To meet the prejudice requirement when the petitioner has pleaded guilty, as Jones has here, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Even if an attorney performed deficiently in advising a client, the "defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment."  *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012); *see United States v. Swaby*, 855 F.3d 233, 240 (4th Cir. 2017).

## II.     Jurisdiction

Jones argues that his conviction was invalid for lack of jurisdiction because the charged offenses were purely local matters.  Upon review of the § 2255 Motion, the Court construes Jones's argument to be either that the statutes of conviction were beyond Congress's power to enact or are unconstitutionally vague, or that his conduct did not fall within the purview of these statutes. Jones, however, offers no relevant authority in support of the claim that either 21 U.S.C. § 841(a)(1) or 18 U.S.C. § 922(g)(1) is unconstitutional.  In particular, the Controlled Substances Act contains explicit congressional findings on the connection between trafficking in controlled substances and interstate and foreign commerce, 21 U.S.C. § 801, and the felon-in-possession statute contains an element requiring a nexus with interstate commerce, 18 U.S.C. § 922(g)(1). Here, the Stipulation of Facts establishes that at the time of the offense, Jones was a Maryland

7

resident, that controlled substances were found in his Maryland residence in quantities and with other materials that supported the conclusion that they were the subject of distribution, that Jones was a convicted felon found in possession of firearms, and that those firearms had traveled in interstate commerce. These facts were sufficient both to show that the Court had subject matter and personal jurisdiction over this case and to support convictions of Jones on both counts. *See* 18 U.S.C. § 3231 (providing that federal district courts have original jurisdiction over "offenses against the laws of the United States"); *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (stating that the defendant's physical presence in the United States establishes personal jurisdiction in a federal criminal prosecution). Accordingly, Jones's argument that the Court lacked either personal or subject matter jurisdiction necessarily fails. Where there is no merit to Jones's claims on this issue, it was not deficient for trial counsel to refrain from asserting these arguments. *See Strickland*, 466 U.S. at 687.

### III.    Nature of the Charges

Jones also asserts a series of arguments based on the premise that he was not properly informed of the nature of the charges against him. These grounds include that (1) the Indictment did not state that an element of each charged offense is that it occurred within the special maritime or territorial jurisdiction of the United States; (2) that he was not informed of the nature of the charges against him, by his attorney or otherwise, before he pleaded guilty; and (3) that the guilty plea hearing at which the charges were discussed violated his Fifth Amendment right against self-incrimination.

None of these arguments have any merit. Neither offense of conviction contains as an element that it occurred in the special maritime or territorial jurisdiction of the United States. *See* 18 U.S.C. § 922(g)(1); *Rehaif*, 139 S. Ct. at 2195-96 (identifying the elements of § 922(g)(1)); 21

U.S.C. § 841(a)(1); *United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir. 1984) (identifying the elements of § 841(a)(1)). Both the signed plea agreement and the guilty plea colloquy establish that Jones was informed of and understood the nature of the charges against him. During the guilty plea hearing, the Court asked Jones if he had fully discussed the charges with his attorneys. Jones stated that he had done so and understood the charges against him. The Court then specifically identified the charges of conviction and asked Jones if he understood the charges against him, he stated that he did. The Court then specifically recited the elements of both offenses and asked Jones if he understood that the Government would have to prove each of them in order to have him found guilty. Jones answered that he did. Jones was also told the maximum and minimum statutory penalties and acknowledged that he understood them. Further, the Court specifically asked Jones if he was fully satisfied with the advice and representation he had received from his counsel, and he stated that he was. The Court also asked Jones whether any promises or assurances, not contained in the plea agreement that were made to him to get him to plead guilty, and he stated that there were none. The Court also asked Jones if anyone had threatened or pressured him to get him to plead guilty. Jones said no.

Based on these responses and its assessment of Jones's demeanor as he answered the questions, the Court found that Jones was "aware of the nature of the charges and the consequences of a guilty plea" and that Jones's plea was "a knowing and voluntary plea." Hrg. Tr. at 31, ECF No. 491-1. The Court therefore rejects the argument that Jones was not aware of the nature of the charges against him. *See Lemaster*, 403 F.3d at 221. Jones's responses also support the conclusion that his counsel explained the nature of the charges to him, but even if that had not occurred, the Court's colloquy on the elements of the offenses conclusively established that Jones had been properly informed, such that there was no prejudice to Jones from any failure by his counsel on

9

this issue. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (holding that even if a defense counsel provided erroneous information to the defendant, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice" there would be no prejudice to the defendant from any deficiencies by defense counsel).

As for Jones's claim that the guilty plea hearing violated his Fifth Amendment right against self-incrimination, Jones has identified no authority for the argument that a Rule 11 guilty plea hearing categorically violates the right against self-incrimination, and the Court's finding that he acted knowingly and voluntarily demonstrates that there was no violation in this case. *See id.* The Court therefore rejects Jones's arguments relating to notification of the nature of the charges.

## IV.     IADA

Jones further argues that he was subjected to ineffective assistance of counsel because his trial counsel failed to object to his federal prosecution on the grounds that there had been a violation of the IADA. As relevant here, the IADA provides that a defendant who is serving a term of imprisonment on a state criminal conviction and is then transferred to federal jurisdiction on federal charges may demand a trial before being returned to state custody. 18 U.S.C. App. 2.

The IADA is irrelevant to this case because Jones was never in state custody on charges relating to the facts of this case. Jones was arrested on April 5, 2017, the same day as the warrant search that led to the discovery of the evidence in this case, and he had his initial appearance in the United States District for the District of Maryland that day. Where there is no merit Jones's claim on this issue, it was not deficient for trial counsel to refrain from asserting these arguments. *See Strickland*, 466 U.S. at 687.

## V.     Due Process

Jones also argues that his conviction violated the Due Process Clause because after Maryland prosecutors filed state charges against him based on the underlying conduct, those charges were dismissed, and Jones was indicted on federal charges without a "pre-transfer hearing." § 2255 Mot. at 9. Jones provides no basis to support his claim that the indictment of a defendant on federal charges based on facts underlying previously dismissed state charges violates the Fifth Amendment. More importantly, Jones's legal argument is not even applicable to the present case, because Jones was never charged in state court based on the events of April 5, 2017. Rather, Jones had been the subject of a federal drug investigation, was arrested on April 5, 2017, and had his initial appearance in federal court that day. Where there is no merit to Jones's claims on this issue, it was not deficient for trial counsel to refrain from asserting these arguments. *See Strickland*, 466 U.S. at 687.

## VI.    First Step Act

In his reply brief, Jones offers an additional argument: that the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), changed the mandatory minimum sentence on Count 7. Although the Court ordinarily need not consider arguments raised for the first time in a reply brief, *see, e.g., United States v. Jones*, 308 F.3d 425, 427 n.1 (4th Cir. 2002), the Court concludes that, as a matter of efficiency and the interests of justice, it should consider this argument. The First Step Act provides Jones with no basis for relief. Although the First Step Act allowed courts to consider retroactively the impact of 2010 statutory changes to the threshold quantities of crack cocaine for various mandatory minimum sentences, FSA § 404(b), Count 7 was based on possession with intent to distribute PCP, not crack cocaine, and the First Step Act made no changes

to the quantity of PCP necessary for the ten-year mandatory minimum sentence on Count 7. It is therefore inapplicable to this case.

## VI. Certificate of Appealability

Jones has no absolute entitlement to appeal a district court's denial of the § 2255 Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of the § 2255 Motion, Jones must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court reaches the merits of a Motion to Vacate, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Jones has made no such showing, this Court will not issue a COA as to the arguments made in the § 2255 Motion. Jones may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it"). The Court notes, however, that Jones must await full resolution his § 2255 Motion, specifically, resolution of the Supplemental § 2255 Motion relating to *Rehaif*, before seeking to appeal.

**CONCLUSION**

For the foregoing reasons, Jones's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 will be DENIED IN PART and STAYED IN PART. The § 2255 Motion will be denied as to all arguments other than those asserted in the Supplemental § 2255 Motion, ECF No. 556. The Court declines to issue a certificate of appealability as to the arguments decided today. The Court will stay resolution of the argument advanced in the Supplemental § 2255 Motion. A separate Order shall issue.


Date:  August 14, 2020            /s/ *Theodore D. Chuang*
                                 THEODORE D. CHUANG
                                 United States District Judge